# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ROCA CHRISTIAN COMMUNITIES INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE CO.,<br><br>Defendant. | Case No.: 20-cv-1324-DMS-BGS<br><br>**ORDER ON JOINT MOTIONS TO EXTEND DEADLINES**<br><br>[ECF 25, 27] |

On May 10, 2021, the parties filed a Stipulation to Extend Deadlines in the Discovery Plan and Scheduling Order ("Joint Motion") seeking to extend the fact discovery deadline by approximately eight weeks and the remaining deadlines by 90 days. (ECF 25 at 2-3.[1]) In support of the extensions, the parties indicated that they believe their respective dispositive motions addressing the threshold issue of the duty to defend should precede depositions and expert discovery. (*Id.* at 3.) However, the Joint Motion indicated that the parties did not serve written discovery requests and third-party subpoenas until late April (Defendant) and early May (Plaintiff), did not explain why the parties waited two months to pursue discovery, or identify when responses to that

---

[1] Citations are to the CM/ECF electronic pagination unless otherwise indicated.

1

20-cv-1324-DMS-BGS

discovery were due. (*Id.* at 3.) It also did not indicate what specific discovery remained to be conducted, what additional discovery was needed to accommodate dispositive motions regarding the duty to defend, how soon those motions could be filed, or what discovery was needed after those motions are decided.

Given this missing information, (*see* Chambers Rules III.C.1), the Court ordered the parties to file a supplemental brief with supporting declaration(s) that complied with the Chambers Rules and addressed these deficiencies. (ECF 26.) The Court required the parties to identify the specific discovery needed both before and after the dispositive motions, how much time was needed to file dispositive motions, and why the time requested was needed. (*Id.*)

On May 17, 2021, the parties' filed a Further Joint Motion that responds to the Courts Order. (ECF 27.) The parties explain their efforts regarding initial disclosures and identify the deadlines for responses to their respective written discovery requests – May 26, 2021 (Defendant's) and June 7, 2021 (Plaintiff's). The parties also indicate that each has issued a third-party subpoena with responses due May 18, 2021 (Defendant's) and June 7, 2021 (Plaintiff's).

As to remaining fact discovery, the parties identify four depositions and two potential depositions. (*Id.* at 4.) As to expert discovery, should it be necessary,[2] the parties identify expert reports and expert depositions for the parties' respective claims-handling experts and possible fee experts. (*Id.*)

Plaintiff indicates that all discovery needed to bring its dispositive motion regarding the duty to defend issue is complete. (*Id.*) However, before Defendant could file its dispositive motion on the duty to defend, Defendant requires the responses to both Defendant's April 26, 2021 requests for production of documents (due May 26, 2021) and its third-party subpoena (due May 18, 2021). Defendant also indicates that

---

[2] The parties indicate that "[d]epending on the outcome of the motions, expert discovery may no longer be necessary or appropriate." (ECF 27 at 5.)

depending on the documents received, it may need a Rule 30(b)(6) deposition and/or to depose non-party Pacific Coast Prep. (*Id.*)

Because the parties' motions will both address the duty to defendant and the duty to indemnify, the parties prefer the motions be heard at the same time. (*Id.* at 5.) The parties indicate they intend to file those motions on or before August 20, 2021. (*Id.*)

As to all other deadlines in the Scheduling Order, the parties propose the following:

|  | **Current Deadline** | **Proposed Extension** |
|---|---|---|
| Fact Discovery Cut-Off | June 10, 2021 | August 5, 2021 |
| Parties' Initial Expert Designations | July 12, 2021 | October 11, 2021 |
| Parties' Supplemental Expert Designations | July 26, 2021 | October 25, 2021 |
| Parties Serve Initial Expert Reports | August 26, 2021 | November 24, 2021 |
| Parties Serve Rebuttal Expert Reports | September 9, 2021 | December 8, 2021 |
| Expert Discovery Cut-Off | October 11, 2021 | January 10, 2022 |
| Last Day to File Dispositive Motions | November 12, 2021 | February 10, 2021 |
| Mandatory Settlement Conference | January 28, 2022 | April 28, 2022 |
| Pretrial Conference | March 11, 2022 | June 9, 2022 |
| Trial | April 11, 2022 | July 11, 2022 |

While the parties explain that reviewing initial disclosures and engaging in informal discussions regarding anticipated discovery was time consuming, the Court notes that both parties waited more than two months to pursue any discovery at all. The Scheduling Order in this case was issued on February 19, 2021 and the parties' respective discovery requests to each other were not issued until April 26, 2021 and May 7, 2021. This resulted in responses being due very shortly before the fact discovery deadline of June 10, 2021, May 26, 2021 (Defendant's) and June 7, 2021 (Plaintiff's). As to these specific requests, this is technically in compliance with the Court's Order that discovery

3

20-cv-1324-DMS-BGS

must be "completed"[3] by the June 10, 2021 fact discovery deadline. However, it is concerning because there was obviously discovery that still had to be completed following these responses and no time to conduct it. For example, it appears Defendant knew it needed the responses before conducting a Rule 30(b)(6) deposition. (*Id.* at 4 ("Depending on the discovery responses received, [Defendant] may also require additional discovery in the form of a [Rule] 30(b)(6) deposition and/or deposition of non-party Pacific Coast Christian Prep prior to filing its motion.")) In this respect, the parties knew even before those discovery requests were issued that they would not be able to meet the fact discovery deadline.

Despite this delay in pursuing fact discovery, the Court finds the parties have shown good cause to modify the Scheduling Order to allow them to file early dispositive motions on the issue of the duty to defend and extend the deadlines in the Scheduling Order as follows:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| Discovery as to Duty to Defend[4] | NA | July 9, 2021 |
| Dispositive Motions on Duty to Defend Filed | NA | July 30, 2021 |
| Any Other Fact Discovery Not Already Completed | June 10, 2021 | August 5, 2021 |
| Parties' Initial Expert Designations | July 12, 2021 | October 11, 2021 |

---

[3] "'Completed' means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." (ECF 21 at 1-2.)

[4] Parties must complete all discovery needed for filing their respective dispositive motions on the duty to defend by this date.

4

20-cv-1324-DMS-BGS

| | | |
|---|---|---|
| Parties' Supplemental Expert Designations | July 26, 2021 | October 25, 2021 |
| Parties Serve Initial Expert Reports | August 26, 2021 | November 24, 2021 |
| Parties Serve Rebuttal Expert Reports | September 9, 2021 | December 8, 2021 |
| Expert Discovery Cut-Off | October 11, 2021 | January 10, 2022 |
| Last Day to File Dispositive Motions | November 12, 2021 | February 10, 2022 |
| Mandatory Settlement Conference | January 28, 2022 | April 27, 2022[5] 2:00 PM |
| Pretrial Conference[6] | March 11, 2022 | June 10, 2022 10:30 AM |
| Trial | April 11, 2022 | July 11, 2022 9:00 AM |

**IT IS SO ORDERED.**

Dated: June 2, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] MSC briefs must be submitted as indicated in the Scheduling Order (ECF 21) two weeks prior to the MSC.

[6] The parties' joint motions did not address the deadlines between the MSC and the Pretrial Conference. They are continued as follows:
- Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **May 13, 2022.**
- Pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **May 13, 2022**.
- Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **May 20, 2022**.
- By **May 27, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.
- The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **June 3, 2022**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).